Nicholas D. Kovarik, WSBA #35462
Email: nick@pyklawyers.com
PISKEL YAHNE KOVARIK, PLLC
522 W. Riverside Ave., Suite 700
Spokane, Washington 99201
509-321-5930 – Telephone
509-321-5935 – Facsimile

Attorney for Plaintiff Pamela Bond

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAMELA BOND, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>FLUKE CORPORATION and FLUKE MANUFACTURING CORPORATION,<br><br>Defendants. | Case No. 2:22-cv-1241<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>JURY DEMAND |

## SUMMARY

1.  Fluke Corporation and Fluke Manufacturing Corporation (collectively, "Defendants") do not pay overtime to their Buyers. Instead, Defendants pay these workers a salary with no overtime compensation, even though they work many hours in excess of forty hours per week. Because this practice results in non-payment of overtime wages to Pamela Bond and other similarly situated workers, Bond brings this action to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA") and the Washington Minimum Wage Act ("WMWA"), RCW ch. 49.46, and its implementing regulations.

## JURISDICTION AND VENUE

2.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331

CLASS AND COLLECTIVE ACTION
COMPLAINT - 1
Case No. 2:22-cv-1241

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to Bond's claim occurred in this district.

## THE PARTIES

5. Defendants employed Bond as a Buyer from 1982 to March 2022.

6. Employing more than 2,000, Defendants produce electronic test and measurement instruments and systems.

7. Fluke Corporation is the parent company of Fluke Manufacturing Corporation.

8. Defendants are owned by publicly-traded Fortive Corporation.

9. Defendants employed and/or jointly employed Bond and the Class Members as Buyers.

10. Defendants' headquarters are in this District.

11. Fluke Corporation may be served by serving its registered agent: C T Corporation System, 711 Capitol Way S, Ste 204, Olympia, Washington, 98501-1267 or by any other method allowed by law.

12. Fluke Manufacturing Corporation may be served by serving its registered agent: C T Corporation System, 711 Capitol Way S, Ste 204, Olympia, Washington, 98501-1267 or by any other method allowed by law.

## FACTS

13. At all relevant times, Defendants, or the enterprise of which they are a part, had gross annual revenues that exceeded $1B, far in excess of the FLSA's $500,000 threshold for enterprise coverage.

CLASS AND COLLECTIVE ACTION
COMPLAINT - 2
Case No. 2:22-cv-1241



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

14. At all times hereinafter mentioned, Defendants have been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all times hereinafter mentioned, Defendants have been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all times hereinafter mentioned, Defendants have been, or have been part of, an enterprise engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1) because they have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than the statutorily required $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. Defendants, at all relevant times, have had employees that handle, sell, or work on vehicles, computers, telephones, tools, and equipment that were produced for interstate commerce or that traveled in interstate commerce.

18. As part of their operations, Defendants operate manufacturing facilities to produce electronic test tools and software for measuring and condition monitoring, such as: digital multimeters, thermal cameras, data acquisition systems, infrared thermometers, oscilloscopes, and leak detectors.

19. Defendants sell their products throughout the United States.

20. Defendants employed Bond in their manufacturing facility in Everett, Washington.

21. Defendants employed and/or jointly employed Bond and the Class Members as Buyers to place purchase orders for materials and components that Defendants use to manufacture their products.

CLASS AND COLLECTIVE ACTION
COMPLAINT - 3
Case No. 2:22-cv-1241



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

22. Defendants share facilities and employees, including management.

23. Defendants control and or/jointly controlled Bond and the Class Members.

24. Defendants give Buyers purchase assignments through a production queue system which automatically generates the production orders for the Buyers.

25. Buyers verify the purchase orders are correct, verify the system correctly calculated the cost of the shipment, and send the purchase orders to assigned suppliers.

26. A Buyer's main role is to monitor shipments to make sure they are timely filled by suppliers.

27. Buyers can upgrade shipping from UPS Ground to UPS Air if the cost does not exceed $50, which requires manager approval.

28. Buyers do not negotiate prices, which is the job of Defendants' corporate purchasing group.

29. The job titles Defendants assign to Buyers include: "Planner /Buyer" and "Production Planner/Master Scheduler."

30. Bond brings this action on behalf of herself and all other similarly situated Buyers employed by Defendants who were paid a salary with no overtime pay.

31. Defendants paid these workers a salary, without overtime pay required by the FLSA and Washington state law.

32. Bond's written consent to be a party plaintiff is attached.

33. Bond represents a class of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All individuals currently or formerly employed and/or jointly employed by Defendants as a "Planner / Buyer" and/or "Production Planner/Master Scheduler" and paid a salary during the last three years.**

CLASS AND COLLECTIVE ACTION
COMPLAINT - 4
Case No. 2:22-cv-1241



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane,Wa 99201
P 509.321.5930 / F 509.321.5935

34. Bond represents a class of similarly situated workers under Washington Law pursuant to Federal Rule of Civil Procedure 23. This "Washington Class" is defined as:

**All individuals currently or formerly employed and/or jointly employed by Defendants in Washington as a "Planner / Buyer" and/or "Production Planner/Master Scheduler" and paid a salary during the last three years**.

35. Throughout this Complaint, the FLSA Collective members and the Washington Class are collectively referred to as the "Class Members."

36. Defendants paid Bond and the Class Members a salary with no overtime premium for hours worked in excess of 40 in a workweek.

37. Throughout Bond's employment with Defendants, Defendants paid her a salary that was between $84,000 and $89,000 per year during the last 3 years.

38. Bond and the Class Members did not receive overtime pay even though they regularly work in excess of 50 hours per week.

39. For example, Bond's schedule was Monday through Friday, with daily shifts that were between 10 and 12 hours per day.

40. During the last 3 years, Bond typically worked Mondays and Fridays from 6:00 a.m. to between 4:30 p.m. and 6:00 p.m., and Tuesdays through Thursdays from 6:30 a.m. to between 4:30 p.m. and 5:30 p.m.

41. Bond and the Class Members received a fixed salary regardless of the number of hours they worked in a week, even when they worked more than 40 hours.

42. Defendants did not track or record the hours Bond and the Class Members worked.

43. Bond's work schedule is typical of the Class Members.

44. Bond's duties are typical of the Class Members.

CLASS AND COLLECTIVE ACTION
COMPLAINT - 5
Case No. 2:22-cv-1241

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

45. Defendants knew Bond and the Class Members worked more than 40 hours in a week.

46. Defendants knew, or showed reckless disregard for, whether the Class Members were entitled to overtime under the FLSA.

47. Nonetheless, Defendants failed to pay Bond and the Class Members overtime.

48. Defendants willfully violated the FLSA and the WMWA.

**CLASS ACTION ALLEGATIONS**

49. Bond incorporates all other allegations.

50. The illegal practices Defendants imposed on Bond were likewise imposed on the Washington Class Members.

51. Numerous other individuals who worked for Defendants were not properly compensated for all hours worked, as required by Washington law.

52. The Washington Class is so numerous that joinder of all members of the class is impracticable.

53. Defendants imposed uniform practices and policies on Bond and the Washington Class members regardless of any individualized factors.

54. Washington Class members were all not timely paid proper overtime when they worked in excess of 40 hours per week.

55. Defendants' failure to pay wages and overtime compensation in accordance with Washington law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Washington Class members.

56. Bond's experiences are therefore typical of the experiences of the Washington Class members.

CLASS AND COLLECTIVE ACTION
COMPLAINT - 6
Case No. 2:22-cv-1241



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

57. Bond has no interest contrary to, or in conflict with, the members of the Washington Class. Like each member of the proposed class, Bond has an interest in obtaining the unpaid wages and other damages owed under the law.

58. A class action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

59. Absent this action, many Washington Class members likely will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating Washington law.

60. Furthermore, even if some of the Washington Class members could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

61. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

62. The questions of law and fact common to each of the Washington Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether Bond and the Washington Class members were paid all wages due to them each week;

   b. Whether Bond and the Washington Class members were paid overtime at 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek;

   c. Whether Defendants' failure to pay all wages due, including overtime, at the rates required by law violated the WMWA;

   d. Whether Bond and the Washington Class members were paid all wages due to them under Washington law and/or contractual agreement;

   e. Whether Defendants made or accepted false wage records regarding Bond and the Washington Class members; and

CLASS AND COLLECTIVE ACTION
COMPLAINT - 7
Case No. 2:22-cv-1241



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

f. Whether Defendants' acts and omissions in violation of Washington law with respect to Bond and the Washington Class members were willful.

63. Bond's claims are typical of the Washington Class members.

64. Bond and the Washington Class members have all sustained damages arising out of Defendants' illegal and uniform employment policies.

65. Bond knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

66. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

**FIRST CAUSE OF ACTION – OVERTIME VIOLATIONS OF THE FLSA**
**AS TO BOND AND THE FLSA COLLECTIVE**

67. Bond incorporates all other allegations.

68. By failing to pay Bond the Class Members overtime at one-and-one-half times their regular rates, Defendants violated the FLSA's overtime provisions.

69. Because Defendants knew, or showed reckless disregard for whether, their pay practice violated the FLSA, Defendants owe these wages for the past three years.

70. Defendants owe Bond and the Class Members an amount equal to the unpaid overtime wages as liquidated damages.

71. Bond and the Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

**SECOND CAUSE OF ACTION – VIOLATIONS OF THE WMWA**
**AS TO BOND AND THE WASHINGTON CLASS**

72. Bond incorporates all other allegations.

CLASS AND COLLECTIVE ACTION
COMPLAINT - 8
Case No. 2:22-cv-1241



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

73. The conduct alleged in this Complaint violates the Washington Minimum Wage Act (WMWA), RCW ch. 49.46, and its implementing regulations.

74. At all relevant times, Defendants were and are each an "employer" within the meaning of the WMWA. RCW 49.46.010(4).

75. At all relevant times, Defendants employed and/or jointly employed Bond and all other Washington Class Members as "employees" within the meaning of the WMWA. RCW 49.46.010(3).

76. The WMWA requires an employer like Defendants to pay overtime to all nonexempt employees. RCW 49.46.130(1).

77. Bond and the other Washington Class members are non-exempt employees who are entitled to be paid overtime for all overtime hours worked at a rate of no less than 1.5 times their regular rate. RCW 49.46.130(1).

78. Within the applicable limitations period, Defendants had a policy and practice of failing to pay proper overtime to the Washington Class members for their hours worked in excess of 40 hours per week.

79. Because Defendants failed to pay Bond and the Washington Class their earned wages and overtime compensation, Bond and the Washington Class are entitled to recover exemplary damages twice the amount of the unlawfully withheld wages. RCW 49.52.070.

80. As a result of willfully and intentionally paying Bond and the Washington Class members less than they were entitled to receive by law, Defendants willfully violated the WMWA. RCW 49.52.050(2).

81. Bond and the Washington Class members are entitled to recover their unpaid wages, exemplary damages, attorneys' fees, costs, and all other legal and equitable relief provided under the WMWA. RCW 49.52.070.

CLASS AND COLLECTIVE ACTION
COMPLAINT - 9
Case No. 2:22-cv-1241



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

## JURY DEMAND

82. Pursuant to F.R.C.P. 38, Bond demands a trial by jury.

## RELIEF SOUGHT

83. WHEREFORE, Bond seeks relief against Defendants as follows:

   a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. Judgment pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Bond and the FLSA Collective and for liquidated damages equal in amount to their unpaid compensation;

   c. An Order certifying a class action for the Washington law claims;

   d. Judgment under Washington law awarding all unpaid wages and exemplary damages under Washington wage laws to Bond and the Washington Class members;

   e. Judgment awarding attorneys' fees, costs and pre- and post-judgment interest; and

   f. All such other and further relief as may be necessary and appropriate.

CLASS AND COLLECTIVE ACTION
COMPLAINT - 10
Case No. 2:22-cv-1241

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

Respectfully submitted,

        **/s/ Nicholas D. Kovarik**
By: _____
   Nicholas D. Kovarik
   WSBA #35462
   nick@pyklawyers.com
**PISKEL YAHNE KOVARIK, PLLC**
522 W. Riverside Ave. Ste. 700
Spokane, WA 99201
Telephone: 509.321.5930
Facsimile: 509. 321.5935

Richard J. (Rex) Burch*
Texas Bar No. 24001807
David. I. Moulton*
Texas Bar No. 24051093
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com

Michael A. Josephson*
Texas Bar No. 24014780
Andrew W. Dunlap*
Texas Bar No. 24078444
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Ste. 3050
Houston, Texas 77046
Telephone: (713) 352-1100
Telecopier: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

* Motion for admission *pro hac vice* forthcoming

**Attorneys for Bond and the Class Members**

CLASS AND COLLECTIVE ACTION
COMPLAINT - 11
Case No. 2:22-cv-1241



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane,Wa  99201
P 509.321.5930 / F 509.321.5935