1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                      AT SEATTLE

10    PAMELA BOND, individually and on              CASE NO. 22-cv-1241 MJP
      behalf of all others similarly situated,
11                                                   ORDER GRANTING STIPULATED
                            Plaintiffs,              MOTION AUTHORIZING NOTICE
12                                                   TO FLSA COLLECTIVE
              v.
13
      FLUKE CORPORATION and FLUKE
14    MANUFACTURING
      CORPORATION,
15
                            Defendants.
16

17

18           This matter comes before the Court on the parties' Stipulated Motion Authorizing Notice

     to FLSA Collective. (Dkt. No. 31.)
19
             Plaintiff brings this action to recover unpaid overtime wages and other damages under the
20
     Fair Labor Standards Act, 29 U.S.C. § 201, et seq ("FLSA") and the Washington Minimum
21
     Wage Act, RCW 49.46. (Complaint at 1 (Dkt. No. 1).) Under the FLSA, employees are
22
     permitted to bring lawsuits on behalf of "themselves and other employees similarly situated." 29
23
     U.S.C. § 216(b); Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 170-73 (1989). The Court
24

1   evaluates "the propriety of the collective mechanism—in particular, plaintiffs' satisfaction of the

2   'similarly situated' requirement—by way of a two-step 'certification' process." Campbell v. City

3   of Los Angeles, 903 F.3d 1090, 1110 (9th Cir. 2018) (citing 1 McLaughlin on Class Actions §

4   2:16 (14th ed. 2017)). At step one, the "plaintiffs will, at some point around the pleading stage,

5   move for 'preliminary certification' of the collective action, contending that they have at least

6   facially satisfied the 'similarly situated' requirement." Id. (citing 1 McLaughlin on Class Actions

7   § 2:16). At step two, "after the necessary discovery is complete, defendants will move for

8   'decertification' of the collective action on the theory that the plaintiffs' status as 'similarly

9   situated' was not borne out by the fully developed record." Id. (citing 1 McLaughlin on Class

10  Actions § 2:16).

11          A grant of preliminary certification results in the dissemination of a court-approved

12  notice to the putative collective action members, advising them that they must affirmatively opt

13  in to participate in the litigation." Bollinger v. Residential Cap., LLC, 761 F. Supp. 2d 1114,

14  1119 (W.D. Wash 2011). But preliminary certification does not "produce a class with an

15  independent legal status[] or join additional parties to the action." Genesis Healthcare Corp. v.

16  Symczyk, 569 U.S. 66, 75 (2013). "The sole consequence" of a successful motion for

17  preliminary certification is "the sending of court-approved written notice" to workers who may

18  wish to join the litigation as individuals. Id.

19          Through the stipulated Motion, the parties agree that this matter should be certified as a

20  collective action. The Court finds no flaw in this request and approves this approach. The parties

21  do, however, dispute the form of the notice to the putative collective members. The parties

22  disagree on three things: (1) whether defense counsel's contact information should be included;

23

24

ORDER GRANTING STIPULATED MOTION AUTHORIZING NOTICE TO FLSA COLLECTIVE - 2

1    (2) whether notice by text message is appropriate, and (3) the language of the proposed email

2    and text notifications. (Stip. Mot. at 1.)

3         "In exercising the discretionary authority to oversee the notice-giving process, courts

4    must be scrupulous to respect judicial neutrality." Hoffman-La Roche Inc. v. Sperling, 493 U.S.

5    165, 174 (1989). "To that end, trial courts must take care to avoid even the appearance of judicial

6    endorsement of the merits of the action." Id.

7         First, the Court finds that the notice should not include contact information for defense

8    counsel. Such information is unnecessary and could lead to potential confusion. Second, the

9    notice may be sent by text message. Defendants object to text messaging as unnecessarily

10   duplicative. The Court agrees with Plaintiff and finds text message to be appropriate. In today's

11   modern society, people often do not respond to physical mail or look at emails from unknown

12   senders. They do, however, tend to keep phone numbers and look at text messages as they come

13   in. For this reason, the Court will permit Plaintiff to send text message notices to the putative

14   collective members. Third, subject to the removal of defense counsel's contact information, the

15   Court approves the form of the email and text notifications.

16        The Court also finds that defense counsel must provide Plaintiff with the last known cell-

17   phone numbers of all the putative collective members. Per the parties' stipulated schedule

18   regarding the notice, this must be done within ten (10) business days of this Order.

19        Finally, the Court APPROVES the stipulated schedule regarding the notice and opt-in

20   process, with one exception. The Court changes the opt-in period from sixty (60) days to forty-

21   five (45) days. Putative collective members shall have forty-five days to return their signed opt-

22   in forms.

23

24

**CONCLUSION**

The Court GRANTS the Motion and APPROVES the proposed notices subject to the changes identified in this Order. The Court finds that class members may receive notice via text messaging. And Defendant must provide the collective members' last known cell phone numbers within ten (10) business days of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 19, 2023.

Marsha J. Pechman
United States Senior District Judge