|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| PAMELA BOND, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FLUKE CORPORATION and FLUKE MANUFACTURING CORPORATION,<br><br>　　　　　　Defendant. | CASE NO. 2:22-cv-1241 MJP<br><br>ORDER DENYING MOTION TO STRIKE |

This matter comes before the Court on Defendant's Motion to Strike the Untimely Consent of Lisa Golder. (Dkt. No. 39.) Having reviewed the Motion, the Response (Dkt. No. 49), the Reply (Dkt. No. 50) and all other relevant materials, the Court DENIES the Motion.

**BACKGROUND**

Plaintiff commenced this action under the Fair Labor and Standards Act, 29 U.S.C. § 201, et seq ("FLSA"), and the Washington Minimum Wage Act, RCW 49.46. (Complaint at 1 (Dkt. No. 1).) Under the FLSA, employees are permitted to bring lawsuits as a collective action.

1  On May 19, 2023, this Court granted the parties' Stipulated Motion Authorizing Notice to FLSA
2  Collective. (Dkt. No. 35.) In that Order, the Court changed the opt-in period from sixty (60) days
3  to forty-five (45) days. (Id. at 3.) The Court explained that putative collective members had
4  forty-five days to return their signed opt-in forms. (Id.)
5        Defendants now ask the Court to strike that consent of Lisa Golder, a putative collective
6  member, as untimely. (Motion at 1.) Defendants claim that the proposed notice, which the Court
7  approved, required consent forms to be received no later than forty-five days from date of
8  mailing. (Id.) The deadline to receive the consent forms was July 24, 2023. (Id. at 2.) Plaintiff's
9  counsel received Golder's consent at some point between July 25, 2023 and July 31, 2023. (Id.)
10 But, the consent form appears to have been postmarked prior to the deadline. (Id.)
11       There are two issues with Defendants' arguments. First, the proposed notice uses both the
12 terms "received" and returned" interchangeably. Thus, the notice itself is not clear as to whether
13 the consent forms must be mailed by the deadline or received by the deadline. But, the Court
14 notes that its approval of the notice uses the term "returned" and takes that to mean the consent
15 must be sent by the deadline. Second, Defendant argues that the mailbox rule does not apply to
16 documents sent to third parties to be filed with the Court. (Reply at 2.) Defendant is referring to
17 the "prison" mailbox rule, which has its own criteria prisoners must meet in order to take
18 advantage of the mailbox rule. Under the common law mailbox rule, proper and timely mailing
19 of a document raises a rebuttable presumption that the document has been received by the
20 addressee in the usual time. Compare Schikore v. BankAmerica Supplemental Ret. Plan, 269
21 F.3d 956, 961 (9th Cir. 2001) (discussing common law mailbox rule) with Stillman v. LaMarque,
22 319 F.3d 1199, 1201 (9th Cir. 2003) (explaining requirements prisoners must meet in order to
23
24

benefit from mailbox rule). As such, the Court finds the mailbox rule does apply and mailing the consent form prior to the deadline is consistent with the Court's prior Order.

Defendants ask that if the Court is unwilling to strike the consent, that it reopen discovery for the limited purpose of taking Golder's deposition. (Motion at 4.) The Court GRANTS this request. Discovery will be reopened for the limited purpose of taking Golder's deposition within twenty (20) days of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 1, 2023.

Marsha J. Pechman
United States Senior District Judge

ORDER DENYING MOTION TO STRIKE - 3